Charles McDonnell, Plaintiff in Error, *v.* John Murphy *et al.*, Defendants in Error.

ERROR TO COOK COUNTY COURT OF COMMON PLEAS.

An affidavit of merits to a plea which states that the defendant has a good defense to a "part" of the amount of damages claimed, is insufficient. Such an affidavit, if it specified the nature of the defense, and what part of the action it extended to, might be good.

This was an action of assumpsit, brought by John Murphy, Michael Kelly and John B. Piet, defendants in error, against Charles McDonnell, plaintiff in error, in the Cook County Court of Common Pleas.

McDonnell *v.* Murphy et al.

There was a motion by plaintiffs that defendant's plea be stricken from the files, for want of a sufficient affidavit of merits. Motion allowed by the court, J. M. WILSON, Judge, presiding, at January term, 1858.

W. R. M. WALLACE, for Plaintiff in Error.

JOHNSON & WILLETTS, for Defendants in Error.

CATON, C. J. The only question in this case is, upon the sufficiency of the affidavit of merits. That states that defendant "believes he has a good defense to a part of the amount of damages claimed and sued for by the said plaintiffs in said action upon the merits." This is not in compliance with the letter or the spirit of the statute. The statute requires the defendant to file " an affidavit setting forth that he believes that he has a good defense to said suit upon the merits." That it may often occur that a defendant has a good defense to a part only of the real cause for which the action is brought, and which, under this law, he should be allowed to litigate, may not be denied, and the court would go very far in the construction of the statute to secure to him this right, without offending his conscience so far as to require him to swear that he has a good defense to the entire cause of action ; but in doing this, we must see that it is not resorted to as a subterfuge to procure delay when there is really no defense to the cause of action relied upon by the plaintiff. It is most common, when the only cause of action relied upon is a promissory note, or bill of exchange, in addition to the special count, to insert also the common counts, as a mere matter of safety in case of an accidental variance in the special count. Whenever such is the case, the defendant may safely swear that he has a defense to a part of the plaintiff's cause of action, assuming that such count is in fact upon separate and independent cause of action, knowing perfectly well, all the time, that the only real cause of action relied on is the bill or note specially counted upon. We are inclined to sustain affidavits of merits to a partial defense ; but in order to accomplish the manifest objects of the law, we must require such affidavits to specify the nature of the defense, and to what particular portion of the cause of action declared upon, so that the plaintiff may dismiss that portion of his action to which the defense applies, and proceed as to the remainder as if no affidavit of merits had been filed. The judgment must be affirmed.

*Judgment affirmed.*